UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANDY THOMAS ANDERSON,

    Petitioner,

v.                                           Case No. 2:09-cv-91
                                            HON. R. ALLAN EDGAR

CATHERINE BAUMAN ,

    Respondent.
_____/

**MEMORANDUM AND ORDER**

    Andy Thomas Anderson, a Michigan state prisoner in the custody of the Michigan Department of Corrections, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. After a jury trial, Anderson was convicted on July 19, 2006, in the Circuit Court of Alger County Michigan, on one count of second-degree murder in violation of MCL § 750.317. He was sentenced as a habitual offender, second offense under MCL § 750.769.12 to consecutive terms of imprisonment of 25 to 75 years. The murder conviction arises out of the killing of David Green who was stabbed to death.

    Anderson took a direct appeal from his judgment of conviction to the Michigan Court of Appeals. On December 4, 2007, the Michigan Court of Appeals affirmed the judgment of conviction and dismissed the direct appeal. *People of the State of Michigan v. Anderson*, 2007 WL 4245645 (Mich. App. Dec. 4, 2007). Anderson made an application for leave to appeal which was denied by the Michigan Supreme Court. *People of the State of Michigan v. Anderson*, 480 Mich. 1189, 747

N.W.2d 291 (Mich. 2008).

In his habeas petition brought under 28 U.S.C. § 2254, Anderson reiterates the same issues and arguments that he presented to the Michigan appellate courts. Magistrate Judge Timothy P. Greeley has issued a report and recommendation. [Court Doc. No. 36]. It is recommended that the habeas petition be denied and dismissed with prejudice, and that a certificate of appealablity be denied under 28 U.S.C. § 2253(c)(2).

There are objections to the report and recommendation by Anderson. In his objections, Anderson repeats his previous habeas claims and arguments that are adequately addressed in the report and recommendation. After reviewing the record *de novo*, the Court concludes that Anderson's objections [Court Doc. No. 41] fail and must be denied. The Court accepts and adopts the report and recommendation pursuant to 28 U.S.C. § 636(b)(1) and W.D. Mich. LCivR 72.3(b). The Court has determined that the habeas petition is without merit. Anderson has not met his burden of showing that he is entitled to relief under 28 U.S.C. § 2254.

28 U.S.C. § 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The District Judge has reviewed the entire record *de novo* including the comprehensive and well-reasoned opinion of the Michigan Court of Appeals in *Anderson*, 2007 WL 4245645. The District Judge agrees with the report and recommendation. This Court concludes that Anderson has

not met his burden under 28 U.S.C. § 2254(d). Anderson fails to show that the decisions of the Michigan trial court and Michigan appellate courts in his criminal case resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court. Anderson also fails to show that the decisions of the Michigan trial court and Michigan appellate courts resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at his trial.

The District Judge writes separately to amplify and supplement the report and recommendation concerning Anderson's claim actual of innocence. After the Magistrate Judge issued the report and recommendation, Anderson submitted his affidavit or sworn statement made under penalty of perjury pursuant to 28 U.S.C. § 1746. [Court Doc. No. 42]. Anderson seeks to explain his version of the facts concerning his actions and the events surrounding the killing of victim David Green. Anderson contends he is entitled to habeas relief on the theory that he is actually innocent of the criminal offense for which he stands convicted, second-degree murder.

This Court completely rejects the claim of actual of innocence. Anderson cannot obtain habeas relief under 28 U.S.C. § 2254 simply by asserting that he is actually innocent on the charge of second-degree murder. Generally, a claim of actual of innocence is not itself a viable, freestanding claim under the United States Constitution. Instead, it is only a gateway through which a habeas petitioner must pass to have an otherwise barred federal constitutional claim considered on the merits. *Schlup v. Delo,* 513 U.S. 298, 315 (1995); *Hererra v. Collins,* 506 U.S. 390, 404 (1993); *Murray v. Carrier,* 477 U.S. 478, 496 (1986); *Hodgson v. Warren*, 622 F.3d 591, 601 (6th Cir. 2010). The issue of actual of innocence ordinarily arises in the context of a habeas petitioner's efforts to excuse a procedural default on a habeas claim or invoke the doctrine of

equitable tolling of the statute of limitations. *See e.g. Turner v. Romanowski*, 409 Fed. Appx. 922, 926-27 (6th Cir. 2011); *Souter v. Jones*, 395 F.3d 577, 589-90 (6th Cir. 2005); *Gresham v. Capello*, 2010 WL 1692961 (W.D. Mich. April 26, 2010); *Taylor v. Woods*, 2010 WL 502714 (W.D. Mich. Feb. 5, 2010).

In the present case, the issue of actual innocence arises only in the context of Anderson's claim that the trial court erred by failing to give a lesser included offense instruction to the jury on manslaughter. Anderson and his counsel at trial did not request a jury instruction on manslaughter and there has been a procedural default on this particular claim. Anderson has not demonstrated cause and prejudice which could excuse the procedural default. Moreover, Anderson fails to show that a fundamental miscarriage of justice would result absent review of this habeas claim. Anderson has not presented a credible claim of actual innocence based on new reliable evidence which could excuse his procedural default. This matter is discussed and correctly analyzed in the Magistrate Judge's report and recommendation. [Court Doc. No. 36, pp. 10-13].

There is a stringent standard for establishing a credible claim of actual innocence. Actual innocence means factual innocence, not mere legal insufficiency. *Bousley v. United States,* 523 U.S. 614, 623 (1998); *Schlup,* 513 U.S. at 321; *Connolly v. Howes*, 304 Fed. Appx. 412, 417 (6th Cir. 2008); *Souter*, 395 F.3d at 590; *Alexander v. Metrish*, 2007 WL 542010, * 9 (W.D. Mich. Feb. 16, 2007).

To make out a credible claim of actual innocence based on the facts, Anderson is required to support his allegation of federal constitutional error with new reliable evidence – exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not known or unavailable at the time of his trial. *Schlup*, 513 U.S. at 324; *Turner*, 409 Fed. Appx.

at 926; *Connolly*, 304 Fed. Appx. at 417; *Knickerbocker v. Wolfenbarger*, 212 Fed. Appx. 426, 431 (6th Cir. 2007); *Souter*, 395 F.3d at 589-90; *Gresham*, 2010 WL 1692961, at * 5; *Alexander*, 2007 WL 542010, at * 9.

If a habeas petitioner is able to present new reliable evidence to support an actual innocence claim, the Court must next consider all of the old and new evidence, both incriminating and exculpatory evidence, without regard to whether it would necessarily be admissible under the rules of evidence that would govern at a trial but with due regard to any unreliability of it. Based on this total record, the Court then makes a determination about what an objectively reasonable and properly instructed jury would probably decide. The habeas petitioner's burden at the gateway stage is to demonstrate that, in light of the new reliable evidence, it is more likely than not that no reasonable juror would find him guilty beyond a reasonable doubt. *Bousley,* 523 U.S. at 623; *Schlup,* 513 U.S. at 327; *Turner*, 409 Fed. Appx. at 926; *Connolly*, 304 Fed. Appx. at 417; *Souter*, 395 F.3d at 590, 598-99; *Gresham*, 2010 WL 1692961, at * 5.

Anderson's problem is that he fails to clear the initial hurdle necessary to establish a credible claim of actual innocence. The threshold inquiry is whether Anderson has presented new reliable evidence and facts that raise sufficient doubt about his guilt to undermine confidence in the outcome of the criminal proceeding. *Schlup*, 513 U.S. at 317; *Souter*, 395 F.3d at 590; *Alexander*, 2007 WL 542010, at * 9. The Court finds that Anderson has not presented any new reliable evidence to support his actual innocence claim. Anderson merely presents his self-serving affidavit. All of the allegations of fact presented here by Anderson were fully known and available to Anderson and his defense counsel during the trial in the Alger County

Circuit Court in 2006. Because there is no new reliable evidence, Anderson fails to make a threshold showing that he has a credible claim of actual innocence.

Accordingly, Anderson's objections to the report and recommendation [Court Doc. No. 41] are **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1) and W.D. Mich. LCivR 72.3(b) the Court accepts and adopts the Magistrate Judge's report and recommendation. The Court concludes that the habeas petition is entirely without merit, and it shall be **DENIED and DISMISSED WITH PREJUDICE**. Anderson's motions for appointment of counsel and for an evidentiary hearing [Court Doc. Nos. 40, 43] are **DENIED**.

If Anderson files a notice of appeal, it will be treated as an application for a certificate of appealability which shall be **DENIED** pursuant to 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1); and *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Anderson has not made a substantial showing of the denial of a federal constitutional right. Reasonable jurists could not find that dismissal of the habeas petition is debatable or erroneous.

A separate judgment will enter.

SO ORDERED.

Dated: October 17, 2011.

                                          */s/    R. Allan Edgar*
                                          R. ALLAN EDGAR
                                     UNITED STATES DISTRICT JUDGE